## PUENTE ET AL. *v.* FOOTE, DISTRICT JUDGE.

### APPLICATION for a writ of *mandamus.*

#### No. 138.—Decided June 21, 1911.

MANDAMUS—INTERVENTION OF PARTIES INTERESTED.—In accordance with American jurisprudence, the parties who may be affected by the decision of a court or who show that they are interested in a case are, as a general rule, allowed to intervene in the extraordinary remedy of *mandamus.* This doctrine has been accepted by this court in analogous cases, such as those of *certiorari.*

ID.—DECLARATION OF HEIRS—NATURAL CHILDREN—APPEALABLE DECISIONS.—The petitioners were declared the heirs of their presumed father in proceedings for declaration of heirs brought in the lower court, said declaration being founded on a judgment rendered in their favor by the same lower court in an action for filiation. Both decisions were reversed by this court and they again appeared in the lower court in proceedings for declaration of heirs and filed two motions which, on motion of the adverse parties, were stricken from the record. They have now ·applied to this court for a writ of *mandamus* to compel the lower court to grant them a hearing before the motion to strike out is decided. This court held that the decision of the lower court to strike said motions from the record had the effect of eliminating them as parties to the proceedings and had the character of a special order rendered after final judgment. It was, therefore, an appealable order allowing the petitioners the adequate and efficient remedy of an appeal without the necessity of applying for the extraordinary remedy of *mandamus.*

The facts are stated in the opinion.

*Messrs. N. B. K. Pettingill, W. V. Robbins,* and *H. P. Leake* for petitioners.

*Messrs. López Tord* and *Canales* for intervenors.

MR. JUSTICE ALDREY delivered the opinion of the court.

An application was made by the Puente-Armsterdam children to the District Court of Ponce, in which it was requested that as the acknowledged natural children of Lázaro Puente y Compostizo they be declared his sole intestate heirs.

Counterclaims were filed in said proceedings by the Puente-Compostizo and Puente-Solana brothers and sisters praying that as such and as nephews and nieces of the de-

ceased they be declared sole heirs. Antonia Rodríguez also filed a petition that as the natural daughter of the decedent she be declared sole heir.

Finally, the district court rendered judgment declaring the Puente-Armsterdams to be the sole heirs of Lázaro Puente, they having been declared his natural children by a judgment, though not final, in an action for acknowledgment of natural children. It dismissed the claims of the Puente-Compostizos and Puente-Solanas as well as that of Antonia Rodríguez.

This judgment was appealed and this Supreme Court rendered another reversing the declaration of heirs in favor of the Puente-Armsterdams. It also reversed said judgment in so far as it related to the dismissal of the claims of the Puente-Compostizos and Puente-Solanas, and, moreover, ordered that the lower court should continue the proceedings. Said judgment was affirmed in that part thereof referring to Antonia Rodríguez.

The appeal which was taken from this judgment to the Supreme Court of the United States having been dismissed and the District Court of Ponce notified thereof, the Puente-Compostizos and Puente-Solanas then moved said court for a declaration of heirs in their favor in view of the judgment of this Supreme Court. On their part the Puente-Armsterdams filed two motions—one to be allowed to amend their original petition for declaration of heirs and the other opposing the petition of the Puente-Compostizos made as above stated.

After these two motions the Puente-Compostizos and Puente-Solanas moved to strike from the record the motions of the Puente-Armsterdams, of which motion, as well as the first one, the latter were not notified.

This motion was decided by the court by striking from the record said motions, but as in deciding the question the court did not hear the Puente-Armsterdams, the latter presented to a justice of this Supreme Court an application for a writ

of *mandamus* to compel the Judge of the District Court of Ponce to hear them before deciding that said motions should be stricken from the record.

An alternative writ was issued to the judge to appear before the Supreme Court to show cause why the peremptory writ should not issue. The judge did not appear, but the Puente-Compostizos and Puente-Solanas did appear, leave having been granted by the court in view of their petition to that effect founded on their interest in the case, since the decision that might be rendered as a consequence of the *mandamus* would greatly affect them.

The intervention of said parties was properly allowed, because the general rule in American jurisprudence in such cases is to allow the intervention of parties who may be affected by the decision rendered. (26 Cyc., 418.)

Moreover, this Supreme Court in analogous cases, such as applications for writs of *certiorari,* has permitted such intervention whenever an interest in the case has been shown.

Consequently, we shall consider the answer of the intervenors, which admits the facts stated in the application and sustains that the writ of *mandamus* is not the proper remedy in this case; that the petitioners' motions were properly stricken from the record, because after the judgment rendered by this Supreme Court they ceased to be parties to the action, and that the issuance of the writ would make the judgment rendered the same day in favor of the intervenors, which declared them sole heirs of Lázaro Puente y Compostizo, ineffective, and that this could be obtained only on appeal.

As may be seen from the foregoing, the Puente-Armsterdams, applicants for the writ of *mandamus,* instituted the proceedings for declaration of heirs and were parties thereto in the district court until the latter eliminated them by allowing the motion to strike from the record the petitions made by them after judgment.

The court's decision to strike the petitioners' motions

from the record without even hearing them undoubtedly has the effect of not recognizing them now as parties, as in fact is stated by the lower court as ground for the decision thereof. Such decision, therefore, has the character of a special order rendered after final judgment denying the petitioners' right to continue as parties to the proceedings when the court had previously acknowledged said right and, consequently, the aforesaid decision is appealable.

An appeal is an adequate and efficient remedy, because by means thereof it may be decided whether or not the Puente-Armsterdams continue to be parties to the proceedings and whether their motions should or should not be heard; and when the law grants an ordinary remedy, such as an appeal, it is improper to resort to extraordinary remedies, such as writs of *mandamus* and *certiorari.* (See the cases of *Palmer* v. *Guerra* [9 P. R. R., 499], decided December 18, 1905; *Körber* v. *Quiñones,* [4 P. R. R., 113], decided June 27, 1903, and 26 Cyc., notes on pages 168, 173, 175, and 177.)

The petitioners allege that they do not pretend to interfere with judicial discretion and that their object is to have the judge comply with his duty of hearing them before deciding the request to strike their motions from the record.

If the writ of *mandamus* issues, the result would be that the order of the lower court allowing the motion of the Puente-Compostizos and Puente-Solanas, to strike the petitioners' motions from the record, would become ineffective, which result would have been reached by an extraordinary remedy, when in the course of law they have adequate and efficient means of obtaining such result.

For the foregoing reasons the writ of *mandamus* should be denied.

*Petition denied.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.